UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATENA COMPUTING TECHNOLOGIES, INC., <br><br> Petitioner, <br><br> -against- <br><br> JIM DENAUT, <br><br> Respondent. | Case No. <br><br><br> **PETITION TO ENFORCE ARBITRATION SUBPOENA** |

Petitioner Katena Computing Technologies, Inc. ("Petitioner" or "Katena"), by and through its attorneys, alleges the following against Respondent Jim DeNaut ("Respondent" or "Mr. DeNaut"):

## INTRODUCTION

1.      Petitioner respectfully seeks an order from this Court pursuant to Section 7 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 7, to compel Mr. DeNaut to comply with the subpoena issued by the arbitration panel ("Panel") on February 3, 2023 in connection with an AAA arbitration action currently pending in California, *Coinmint, LLC v. Katena Computing Technologies, Inc.*, Case No. 01-22-0001-7627 (the "Arbitration").

## THE PARTIES

2.      Petitioner Katena is a Delaware corporation with its principal place of business in California.

3.      Respondent Mr. DeNaut is a resident and domiciliary of Greenwich, Connecticut.

## JURISDICTION AND VENUE

4.      This is a proceeding to enforce an arbitration subpoena arising under Section 7 of the FAA, 9 U.S.C. § 7 and compelling the attendance of Respondent before the Panel at an evidentiary hearing in this district.

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue is proper in this judicial district pursuant to 9 U.S.C. § 7 because the evidentiary hearing at issue will take place in this district.

## BACKGROUND

7.      The Arbitration arises out of a dispute over a $150 million agreement ("Agreement") between Coinmint, LLC ("Coinmint") and Katena for the purchase of Bitcoin mining rigs from Katena.

8.      The Agreement, which was signed on May 12, 2021, required Coinmint to make a down payment, which it failed to make. Rather than fulfill its obligation, Coinmint initiated the Arbitration in order to avoid paying the full amount due.

9.      Coinmint and Katena have completed fact discovery and are preparing for the primary evidentiary hearing in August, 2023. Because certain third party witnesses cannot be summoned to the August hearing, which will take place in San Francisco, California, the Panel decided to hold evidentiary hearing days in the cities in which these third-party witnesses reside.

10.     On February 3, 2023, pursuant to 9 U.S.C. § 7, the Panel issued a subpoena ("Subpoena") for Mr. DeNaut to appear at an evidentiary hearing in Connecticut on April 4, 2023. A true and correct copy of the Subpoena is annexed hereto as **Exhibit A**.

11.     On March 8, 2023, the Panel issued a modified subpoena changing the hearing venue from Glastonbury, Connecticut to Greenwich, Connecticut, for the convenience of Respondent. A true and correct copy of the modified subpoena is annexed hereto as **Exhibit B**.

12.     On March 23, 2023, through counsel, Mr. DeNaut sent the Panel and the parties a letter ("March 23 Letter") via email asking that the April 4, 2023 evidentiary hearing be adjourned

to another date. In the March 23 Letter, Mr. DeNaut confirmed that he would voluntarily testify before the Panel. A true and correct copy of the March 23 Letter is annexed hereto as **Exhibit C**.

13.      In response to Mr. DeNaut's request, on March 27, 2023, the Panel issued an order ("March 27 Order") in which the Panel agreed to reschedule the evidentiary hearing to May 18, 2023. The evidentiary hearing is currently scheduled to take place on May 18, 2023 at Whitman Breed Abbott & Morgan LLC, 500 W. Putnam Avenue, Greenwich, CT 96830 at 11:00 a.m. Eastern Time. A true and correct copy of the March 27 Order is annexed hereto as **Exhibit D**.

14.      On April 17, 2023, through counsel, Mr. DeNaut, sent a letter ("April 17 Letter") via email to the Panel and all parties indicating that because he disclosed information pertaining to the issues in dispute in the Arbitration to counsel for Coinmint, Gordon Rees Scully Mansukhani, LLP ("Gordon Rees") (due to his belief that Gordon Rees would be representing him in the Arbitration), it would violate attorney-client privilege for Coinmint to question Mr. DeNaut at the May 18, 2023 evidentiary hearing because such questioning might reveal information that Mr. DeNaut shared with Gordon Rees. A true and correct copy of the April 17 Letter is annexed hereto as **Exhibit E**.

15.      On April 25, 2023, the Panel issued an order ("April 25 Order") rejecting Mr. DeNaut's objections because Mr. DeNaut had not submitted any evidence to the Panel, such as an affidavit, demonstrating that an actual or prospective attorney-client relationship existed between Gordon Rees and Mr. DeNaut. A true and correct copy of the April 25 Order is annexed hereto as **Exhibit F**.

16.      On May 11, 2023, through counsel, Mr. DeNaut, sent another letter ("May 11 Letter") via email informing the Panel and all parties that he had instituted an action in Connecticut state court against the Gordon Rees firm "seeking a protective order or other injunctive relief that

would prevent Gordon Rees from questioning [him] in this arbitration." *DeNaut v. Gordon Rees Scully Mansukhani, LLP*, No. FST-CV23-6061290-S (Conn. Super. Ct. May 10, 2023). A true and correct copy of the Letter is annexed hereto as **Exhibit G**.

17.     In the May 11 Letter, Mr. DeNaut's counsel asserted for the first time that Mr. DeNaut intended to ignore the Subpoena and refused to appear at the hearing on May 18. 2023. Mr. DeNaut's counsel did not provide a reason for Mr. DeNaut's refusal to comply with the Subpoena. Mr. DeNaut has not filed an action to quash the subpoena and has not asserted that the Subpoena is unlawful or unenforceable.

18.     As of the filing date of the instant Petition, the Panel has not responded to Mr. DeNaut's May 11 Letter.

## RESPONDENT MUST BE COMPELLED TO COMPLY WITH THE ARBITRAL SUBPOENA PURSUANT TO 9 U.S.C. § 7

19.     Mr. DeNaut must be compelled to testify at the May 18, 2023 evidentiary hearing.

20.     Both Katena and Coinmint agree that Mr. DeNaut is a key witness whose testimony will provide evidence that is necessary and relevant to the claims and defenses in the Arbitration. *See, e.g.*, Exhibit F ("Counsel for Coinmint and Katena have both stated on more than one occasion that Mr. DeNaut is a critical witness to their respective cases because he has relevant, unique information known only to him . . .").

21.     It is clearly established that pursuant to 9 U.S.C. § 7, arbitrators have the authority to "summon non-party witnesses to give testimony and provide material evidence before an arbitration panel." *Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 581 (2d Cir. 2005).

22.     Mr. DeNaut's failure to appear at the May 18, 2023 hearing would substantially prejudice Katena, Coinmint, and the Panel. He was one of Katena's primary points of contact at Coinmint in the months following Coinmint's failure to make the required down payment, and can

provide critically important testimony regarding Coinmint's breach of the party's agreement.

23.     Mr. DeNaut's failure to appear would also cause the parties and the Panel to incur substantial avoidable expense. Counsel for both Katena and Coinmint, as well as three arbitrators, have already made nonrefundable travel plans to Connecticut in reliance on the assurance of Mr. DeNaut that he would be attending the hearing. Ex. C. Further delaying the evidentiary hearing at this late hour would cause unnecessary expense.

24.     Mr. DeNaut's sole objection to complying with the subpoena is his assertion that the Gordon Rees law firm has a disabling conflict and should not be permitted to question him. But it is the parties, Coinmint and Katena, and not the Gordon Rees firm, that have subpoenaed Mr. DeNaut's testimony. Because Coinmint can resolve any possible conflict by retaining non-conflicted counsel, there is no reason that the scheduled May 18, 2023 evidentiary hearing—which the arbitrators have elected not to adjourn—should not proceed.

25.     Accordingly, the Court should grant Katena's petition pursuant to 9 U.S.C. § 7.

## PRAYER FOR RELIEF

**WHEREFORE,** Petitioner respectfully requests that this Court enter an Order:

a.  Compelling Respondent's compliance with the February 3, 2023 Subpoena, as modified, pursuant to 9 U.S.C. § 7 and requiring Respondent to attend the May 18, 2023 evidentiary hearing; and

b.  Granting such other and further relief as may be appropriate.

Dated: New York, New York          Respectfully submitted,
       May 12, 2023
                                  PERKINS COIE LLP


By: */s/ LaMarte Williams, Jr.*
      LaMarte Williams, Jr., Fed. #ct30957
      Jacob Taber
      (pro hac vice admission forthcoming)
      1155 Avenue of the Americas, 22nd Floor
      New York, New york 10036-2711
      Tel: +1.212.262.6900
      Fax: +1.212.977.1649
      LaMarteWilliams@perkinscoie.com
      JTaber@perkinscoie.com

      John R. Hardin
      **PERKINS COIE LLP**
      500 N. Akard Street, Suite 3300
      Dallas, TX 75201
      Tel: (214) 965-7700
      Fax: (214) 965-7799
      JohnHardin@perkinscoie.com
      (pro hac vice admission forthcoming)


      Attorneys for Petitioner
      KATENA COMPUTING TECHNOLOGIES, INC.