UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATENA COMPUTING TECHNOLOGIES, INC., <br>   Petitioner, <br><br> v. <br><br> JIM DENAULT, <br>   Respondent. | Civil Action No.   3:23-mc-00048-MPS <br><br><br><br> MAY 16, 2023 |

## MOTION TO INTERVENE BY COINMINT, LLC

Pursuant to Fed. R. Civ. P. 24, Coinmint, LLC ("Coinmint") hereby moves to intervene and be heard with regard to the Motion to Compel Subpoena Compliance filed on May 12, 2023 by Petitioner Katena Computing Technologies, Inc. ("Katena"), against Respondent Jim DeNaut ("Mr. DeNaut").

**I.**  **INTRODUCTION**

Petitioner Katena seeks an order from this Court pursuant to 9 U.S.C. § 7 of the Federal Arbitration Act ("FAA"), to compel Mr. DeNaut to comply with a subpoena issued in connection with an AAA arbitration action currently pending in California, *Coinmint, LLC v. Katena Computing Technologies, Inc.*, Case No. 01-22-0001-7627 ("Arbitration"). The parties have completed fact discovery and a primary evidentiary hearing is anticipated in August 2023. The Arbitration Panel has scheduled evidentiary hearing dates for third-party witnesses who cannot be summoned to the August hearing.

Mr. DeNaut was subpoenaed by the Panel for an evidentiary hearing in Connecticut on April 4, 2023. The Panel adjourned the hearing until May 18, 2023 at Mr. DeNaut's request.

On April 17, 2023, Mr. DeNaut, through counsel, sent a letter to the Panel and all parties claiming that he had disclosed attorney-client privileged material to counsel for Coinmint based upon Mr. DeNaut's claim that he believed that Gordon Rees would be representing him in the

Arbitration. Coinmint strongly disputes any claim that Mr. DeNaut was represented by Gordon Rees. Indeed, there is no basis upon which Mr. DeNaut was lead to reasonably believe that Gordon Rees would represent him at any point. Coinmint responded to Mr. DeNaut's allegation and proffered documents in opposition to that claim. Those documents are exhibits in the Arbitration and are subject to a protective order.[1] On April 25, 2023, the Panel rejected Mr. DeNaut's objections to Coinmint's participation at the May 18, 2023, hearing through its long-standing counsel Gordon Rees.

On May 10, 2023, Mr. DeNaut filed an action in Connecticut state court seeking to disqualify Gordon Rees from participating in the May 18, 2023 hearing. The court has scheduled the matter for a preliminary status conference on May 30, 2023. On May 11, 2023, Mr. DeNaut sent correspondence to the Panel and all parties indicating that Mr. DeNaut would not be appearing at the hearing on May 18, 2023.

In response, on May 12, 2023, Katena filed a Motion to Compel Subpoena Compliance with this Court. It is unclear if the Motion has been served. The Motion does not name Coinmint as a party. Instead, Katena states that "Because Coinmint can resolve any possible conflict by retaining non-conflicted counsel, there is no reason that the scheduled May 18, 2023 evidentiary hearing—which the arbitrators have elected not to adjourn—should not proceed." Motion to Compel, Para. 24.

## II. ARGUMENT

Coinmint moves to intervene in this matter with respect to the Motion to Compel Subpoena Compliance so that it may protect its ability to fully participate in the evidentiary hearing as to Mr. DeNaut with regard to the Arbitration. Katena's proposal that Coinmint simply

---

[1] The Panel has prohibited Coinmint from filing those documents with the court unless the Panel orders the documents declassified pursuant to a protective order entered in the Arbitration.

hire separate counsel to conduct the evidentiary hearing as to Mr. DeNaut is extremely prejudicial and interferes with Coinmint's right to have the counsel of its own choosing. Katena's proposal to proceed on May 18, 2023, would deny Coinmint the ability to fully and meaningfully participate in the examination of Mr. DeNaut, who Katena describes as a "key witness." Motion to Compel, Paras. 17 and 18. Further, expecting Coinmint to retain counsel who could be brought up to speed in time for the May 18, 2023, evidentiary hearing would be extremely prejudicial to the presentation of Coinmint's case in the Arbitration.

Rather, the hearing as to Mr. DeNaut should be adjourned until the Motion to Disqualify, which Mr. Denaut filed against Gordon Rees in Connecticut state court, can be resolved.

A.   **Intervention as of Right**

Coinmint satisfies the test for intervention as of right:

> Intervention as of right under Rule 24(a)(2) is granted when an applicant: (1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) has an interest not adequately represented by the other parties.

*United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).

This motion is clearly timely. The Motion to Compel was filed on May 12, 2023. Indeed, it is unclear if the matter has been served on Mr. DeNaut. The first part of the test is met.

The second part of the test is also met. The subject of this matter is an effort to compel Mr. DeNaut's attendance at a May 18, 2023, evidentiary hearing relative to the Arbitration between Coinmint and Katena. Coinmint has an interest in being able to participate fully in the evidentiary hearing through its chosen counsel. "The right to have counsel of one's own choice, although not absolute, is important enough to require a legitimate state interest before a person

3

can be deprived of that right." *Herrmann v. Summer Plaza Corp.*, 201 Conn. 263, 268 (1986).

The third part of the test is met. This is a multi-million dollar dispute which the parties have been litigating for over a year. Certainly, the interests of Katena and Coinmint do not align. Further, there is an ongoing dispute between Mr. DeNaut and Coinmint's counsel to keep that counsel from participating in the hearing, so their interests are certainly not aligned. Without being allowed to intervene and be heard, Coinmint's participation in the evidentiary hearing as to Mr. DeNaut will be significantly impaired. That is especially true in light of Katena's suggestion that Coinmint participate by a wholly separate counsel who has not participated in this matter to date.

The fourth test is clearly met. Katena would require Coinmint to retain new counsel for the May 18, 2023, hearing and is clearly not representing Coinmint's interests. Mr. DeNaut is currently litigating against Coinmint's counsel in Connecticut state court, and will not represent Coinmint's interests. The only way to ensure that Coinmint's interest is adequately protected is to allow Coinmint to intervene and be heard with regard to the Motion to Compel Subpoena Compliance. Accordingly, Coinmint is entitled to intervene as a matter of right.

### B. Permissive Intervention

Coinmint is also entitled to intervene permissively.

> Rule 24(b) provides for permissive intervention, in the discretion of the district court, and upon a timely filed motion, "(1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b). The principal consideration for the court in exercising its discretion is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.*

*Bridgeport Guardians v. Delmonte*, 227 F.R.D. 32, 34 (D. Conn. 2005). The second test applies in this case. Coinmint's claim of a right to participate in the evidentiary hearing is certainly in common with the claim at issue in this case, whether that hearing should go forward on May 18,

4

2023.  Given that it is unclear if the Motion to Compel has been served, this Motion to Intervene will not delay or prejudice the adjudication of the rights of the original parties.  Permissive intervention should be granted.

**WHEREFORE,** Coinmint respectfully requests that this Court grant Coinmint's Motion to Intervene so that it may be heard as to the Motion to Compel Subpoena Compliance.

        Respectfully submitted,

        COINMINT, LLC.

        By    */s/ Christopher R. Drury*
             Christopher Drury (ct26972)
             Gordon Rees Scully Mansukhani, LLP
             95 Glastonbury Boulevard, Suite 206
             Glastonbury, CT 06033
             Juris No. 432541
             Phone: 860-494-7552
             Fax: 860-560-0185
             cdrury@grsm.com

        Its attorneys.

## **CERTIFICATION**

I hereby certify that on May 16, 2023, a copy of the foregoing MOTION TO INTERVENE BY COINMINT, LLC was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filings.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Christopher R. Drury.*
Christopher R. Drury (ct26972)