# EXHIBIT 10

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATENA COMPUTING TECHNOLOGIES, INC., <br><br>    Petitioner,<br><br>v.<br><br>JIM DENAUT,<br><br>    Respondent,<br><br>v.<br><br>COINMINT, LLC,<br><br>    Intervenor Defendant | CASE No. 3:23-mc-00048-MPS<br><br><br><br><br><br><br><br><br><br><br><br><br><br>JULY 10, 2023 |

**PROPOUNDING PARTY:**  Respondent, JIM DENAUT,

**RESPONDING PARTY:**  Gordon Rees Scully & Mansukhani, LLP

  Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Gordon Rees Scully & Mansukhani, LLP ("GRSM"), by and through its undersigned counsel, hereby serves its objections and responses to Respondent Jim DeNaut ("DeNaut")'s Subpoena to GRSM to produce documents.

## PRELIMINARY STATEMENT

  The responses set forth herein are based only on the information and documents presently available to and known by GRSM. GRSM reserves its right to change, modify, supplement, add to or subtract from its responses up until the time of the evidentiary hearing as new, different, or additional information, witnesses, and documents become known to or are recalled by GRSM.

  GRSM's responses are made without in any way intending to waive or relinquish objections that could be asserted prior to, during, or after the evidentiary hearing, including but not limited to its right to:

  1.  Raise all questions regarding relevancy, materiality, privilege, and admissibility

as evidence for any purpose as to any information or documents provided in response which may arise in any subsequent proceeding in, or the evidentiary hearing of, this or any other action;

2. Object on grounds of vagueness and ambiguity; and

3. Object on any grounds at any time to other discovery involving said information or documents, or the subject matter thereof.

## **GENERAL OBJECTIONS**

1. GRSM objects to DeNaut's Document Requests ("Requests") to the extent they are vague, ambiguous, unduly burdensome, or oppressive.

2. GRSM objects to DeNaut's Requests to the extent they call for the production of documents or information protected by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other applicable privilege or protection.

3. GRSM objects to DeNaut's Requests to the extent they call for the production of documents or information that are confidential and proprietary to or the trade secrets of Coinmint or GRSM.

4. GRSM objects to DeNaut's Requests to the extent they call for the production of documents or information that are publicly available, not uniquely within the control of Coinmint or GRSM, or equally available to DeNaut.

5. GRSM objects to DeNaut's Requests to the extent they call for the production of documents or information that are not relevant to the subject matter of this litigation or that are not reasonably calculated to lead to the discovery of admissible evidence.

6. GRSM objects to DeNaut's Requests to the extent they are not limited to the relevant time period.

7. GRSM objects to DeNaut's Requests to the extent they seek legal conclusions.

8. If GRSM objects to a particular Request, either through the above general objections or through a specific objection asserted below, but nevertheless proceeds to answer the Request in whole or in part, GRSM does not thereby waive its specific or general objections to the Request in question.

GRSM incorporates the foregoing Preliminary Statement and General Objections into each and every objection and/or individualized response contained herein and set forth below and into each and every amendment, supplement, or modification to these responses hereinafter provided.

## RESPONSE TO DOCUMENT REQUEST

**REQUEST NO. 1:**

All Documents and Communications discussing the January 6, 2023 phone call, including but not limited to any transcripts, recordings, notes, or summaries of the January 6, 2023 call; any Documents and Communications within Coinmint discussing the January 6, 2023 call; and any Documents and Communications between Gordon Rees and Coinmint discussing the January 6, 2023 call.

**RESPONSE TO REQUEST NO. 1:**

GRSM objects to this request on the ground that it is vague, ambiguous, compound, overbroad and unduly burdensome, including as to the scope of the documents sought. GRSM also objects to this request on the ground that it seeks information or documents protected by the attorney client privilege, the work product doctrine, or any other judicially recognized privilege or protection.

Subject to and without waiving these objections, GRSM responds as follows: GRSM will produce all communications with DeNaut that are responsive to this request. GRSM will also produce the notes of Fletcher Alford with DeNaut on the condition that the production of these notes will not be deemed a broader waiver of the work product doctrine that extends beyond said notes.

**REQUEST NO. 2:**

All Communications between Coinmint and Jim DeNaut, and all Documents reflecting such Communications.

**RESPONSE TO REQUEST NO. 2:**

GRSM objects to this request on the ground that it is vague, ambiguous, compound, overbroad and unduly burdensome, including as to the scope of the documents sought. GRSM also objects to this request on the ground that it seeks information or documents protected by the attorney client privilege, the work product doctrine, or any other judicially recognized privilege or protection. GRSM further objects to this request as seeking confidential and proprietary business information entitled to privacy, trade secret protection, or any other judicially or statutorily recognized privilege or protection.

Subject to and without waiving these objections, GRSM responds as follows: GRSM will produce all communications with DeNaut relating to the January 6, 2023 phone call. GRSM will also produce the notes of Fletcher Alford from the January 6, 2023 call with DeNaut on the condition that the production of these notes will not be deemed a broader waiver of the work product doctrine that extends beyond said notes.

**REQUEST NO. 3:**

All Communications between Coinmint and the Arbitration Panel, between Katena's counsel and the Arbitration Panel, and between Gordon Rees and Katena's counsel, discussing whether Jim DeNaut would testify in the Arbitration, with or without a subpoena; and whether and by whom he would be produced or represented in the Arbitration.

4

**RESPONSE TO REQUEST NO. 3:**

GRSM objects to this request on the ground that it is vague, ambiguous, compound, overbroad and unduly burdensome, including as to the scope of the documents sought. GRSM also objects to this request to the extent it seeks information or documents protected by the attorney client privilege, the work product doctrine, or any other judicially recognized privilege or protection.

Subject to and without waiving these objections, GRSM responds as follows: GRSM will produce all responsive, non-privileged documents in his possession, custody, or control that are responsive to this request.

**REQUEST NO. 4:**

All Documents and Communications referring to Gordon Rees' actual or potential representation of Jim DeNaut in the Arbitration, and Gordon Rees' actual or potential production of Jim DeNaut for testimony in the Arbitration, including but not limited to any discussion within Coinmint or between Gordon Rees and Coinmint regarding whether Gordon Rees could or should represent Jim DeNaut, and could or should produce him for testimony, in the Arbitration.

**RESPONSE TO REQUEST NO. 4:**

GRSM objects to this request on the ground that it is vague, ambiguous, compound, overbroad and unduly burdensome, including as to the scope of the documents sought. GRSM also objects to this request on the ground that it seeks information or documents protected by the attorney client privilege, the work product doctrine, or any other judicially recognized privilege or protection. GRSM further objects to this request as seeking confidential and proprietary business information entitled to privacy, trade secret protection, or any other judicially or statutorily recognized privilege or protection.

Subject to and without waiving these objections, GRSM responds as follows: GRSM will produce all communications with DeNaut relating to the January 6, 2023 phone call. GRSM will also produce the notes of Fletcher Alford from the January 6, 2023 call with DeNaut on the condition that the production of these notes will not be deemed a broader waiver of the work product doctrine that extends beyond said notes. GRSM will also produce all communications with the Arbitration Panel relating to DeNaut testifying at the Arbitration.

**REQUEST NO. 5:**

All Documents and Communications related to Gordon Rees' and Coinmint's decision to act adversely to Jim DeNaut, including but not limited to obtaining a summons in the Arbitration for his testimony and suing him in the California Action.

**RESPONSE TO REQUEST NO. 5:**

GRSM objects to this request on the ground that it is vague, ambiguous, compound, overbroad and unduly burdensome, including as to the scope of the documents sought.  GRSM also objects to this request on the ground that it seeks information or documents protected by the attorney client privilege, the work product doctrine, or any other judicially recognized privilege or protection. GRSM further objects to this request as seeking confidential and proprietary business information entitled to privacy, trade secret protection, or any other judicially or statutorily recognized privilege or protection.

Dated:  July 10, 2023

                Respectfully submitted,

                INTERVENOR DEFENDANT,
                COINMINT, LLC

By: */s/ Fletcher C. Alford*
    Fletcher C. Alford (CA 152314)
    Gordon Rees Scully Mansukhani LLP
    275 Battery Street, Suite 2000
    San Francisco, CA 94111
    Phone: (415) 986-5900
    Email: falford@grsm.com
Its Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2023, the foregoing was served by electronic mail on the following:

Benjamin Sirota, Esq.
Tapan Rajen Oza, Esq.
Steven G. Kobre, Esq.
Kobre & Kim LLP
800 Third Avenue, 6th Floor
New York, NY 10022
benjamin.sirota@kobrekim.com
tapan.oza@kobrekim.com
steven.kobre@kobrekim.com

*Counsel for Jim DeNaut*

David A. Slossberg, Esq.
Kristen Zaehringer, Esq.
Hurwitz Sagarin Slossberg & Knuff, LLC
147 N. Broad Street
Milford, CT 06460
dslossberg@hssklaw.com
KZaehringer@hssklaw.com

*Counsel for Jim DeNaut*


LaMarte Williams, Jr., Esq.
Jacob Taber, Esq.
John R. Hardin, Esq.
Perkins Coie LLP
1155 Avenue of the Americas
22nd Floor
New York, NY 10036
lamartewilliams@perkinscoie.com
JTaber@perkinscoie.com
johnhardin@perkinscoie.com

*Counsel for Katena Computing Technologies, Inc.*

/s/ Fletcher C. Alford
Fletcher C. Alford
