**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

United States District Court
District of Connecticut
FILED AT     BRIDGEPORT

August 7, 20 23

Dinah Milton Kinney, Clerk

By

Deputy Clerk

KATENA COMPUTING TECHNOLOGIES, INC., :
                                     :
                     Petitioner,     :
                                     :
        v.                           :    Civil Case No. 3:23-mc-48-MPS
                                     :
JIM DENAUT,                          :
                                     :
                     Respondent,     :    August 7, 2023
                                     :
        -and-                        :
                                     :
COINMINT, LLC,                       :
                                     :
                 Intervenor Defendant. :

**RESPONDENT JIM DENAUT'S BENCH MEMORANDUM ON**
**THE APPLICABILITY OF LOCAL RULE OF CIVIL PROCEDURE 83.13 AND**
**FEDERAL RULE OF EVIDENCE 615 TO COINMINT, LLC'S ATTORNEYS**

Respondent Jim DeNaut respectfully submits this bench memorandum to address three issues raised during the conference call with the Court on Friday afternoon, August 4: (i) Coinmint and Mr. Alford cannot avoid the application of Rule 83.13 by electing not to call Mr. Alford, (ii) a proceeding before a judge—rather than a jury—does not avoid the application of Rule 83.13; and (iii) Messrs. Alford and Lemus do not meet the exception to sequestration under Federal Rule of Evidence 615(c).

*First,* disqualification under the witness-advocate rule is mandatory—Coinmint cannot avoid it by electing not to call its lawyers as witnesses. *See Lemberg L., LLC v. eGeneration Mktg., Inc.*, 2020 WL 2813177, at *24 (D. Conn. May 29, 2020) ("An attorney should be disqualified . . . *regardless of whether he will actually be called as a witness.*") (emphasis added); *Ardemasov v. Citibank, N.A.*, 14 F. Supp. 3d 39, 48 (D. Conn. 2014) ("[E]ven where neither party's counsel seeks disqualification . . . the court *must intervene*" (emphasis added)); *MacArthur v. Bank of New*

*York*, 524 F. Supp. 1205, 1209 (S.D.N.Y. 1981) ("[T]he stricture is mandatory: the party cannot choose between the attorney's testimony and his representation.  The rule embodies a *conclusive preference for testimony*").[1]  Permitting Messrs. Alford or Lemus to cross-examine Mr. DeNaut would result in them acting as "unsworn witnesses," which is what the rule seeks to avoid, because they were key participants in the central events and because their *own conduct* caused Mr. DeNaut to believe that they were his attorneys.  *See United States v. Congi*, 420 F. Supp. 2d 124, 129 (W.D.N.Y. 2005) (cross-examining the witness about conversations with the attorney or arguing about the witness' credibility "would place [counsel] in the position of an unsworn witness and implicitly put his own credibility at issue" (citing *United States v. McKeon*, 738 F.2d 26, 35 (2d Cir. 1984))); *see also Lemberg Law*, 2020 WL 2813177, at *27 (noting an advocate-witness "is in the unseemly and ineffective position of arguing his own credibility" (citation omitted)); *Rizzuto v. De Blasio*, 2019 WL 1433067, at *6 (E.D.N.Y. Mar. 29, 2019) (disqualifying attorney where he was "centrally involved in all of the disputed matters" and his "*own conduct*" was the reason for the defendants' acts that formed the basis for plaintiff's suit).

*Second,* that this evidentiary hearing is before a *judge* rather than a *jury* does not eliminate the witness-advocate problem.  *See Lemberg Law*, at *26 (noting that while "it may seem facially plausible to argue that" the problem is solved by non-jury trials, "conducting a bench trial cannot always cure the advocate witness issue" because the rule is meant "to preserve the integrity of the judicial system and the adversary process by ensuring the objective, professional representation of parties before the court."); *see also Rizzuto*, 2019 WL 1433067, at *8 (disqualifying attorney from

---

[1] *MacArthur* applied New York's Rule 5–102, which is "virtually identical" to Rule 83.13.  *See Ardemasov*, 14 F. Supp. 3d at 47 n.11, 51 ("[W]hile DR 5–102(A) was effective, it mirrored this District's Local Rule 83.13").

trial and pretrial stages even where plaintiff was willing to waive a jury trial because attorney would "be unable to provide this objective representation").

*Third*, Messrs. Alford and Lemus do not meet the exception to sequestration under Federal Rule of Evidence 615(c) for "a person whose presence a party shows to be essential to presenting the party's claim or defense" in this routine evidentiary hearing.  The exception typically applies to expert witnesses, *see, e.g.*, *Malek v. Fed. Ins. Co.*, 994 F.2d 49, 53–54 (2d Cir. 1993)—not to lawyers handling an evidentiary hearing about the content and implications of a single phone call. Notably, Coinmint has multiple lawyers involved in these proceedings who are not witnesses in this hearing.  Mr. Liu, for example, is a partner at Gordon Rees who appears to be heavily involved in the day-to-day litigation of the arbitration.   In addition, Gordon Rees partner Steven J. Zakrzewski appeared in this action following the Court's July 26, 2023, status conference.  *See* ECF No. 77.  Mr. Zakrzewski's firm biography states that he is involved in "professional liability defense," that he "defends . . . attorneys . . . against professional malpractice claims," and that he "defeat[ed] multiple motions to disqualify counsel."  *See* Lawyers, GORDON REES SCULLY MANSUKHANI LLP (last visited Aug. 5, 2023), https://www.grsm.com/lawyers/s/steven-j-zakrzewski.

Under the circumstances, there is no basis to find Messrs. Alford or Lemus to be "essential" here.

## CONCLUSION

Mr. DeNaut therefore respectfully requests that this Court enter an appropriate order precluding Mr. Alford and Mr. Lemus from participating as advocates in this proceeding and sequestering them during other witnesses' testimony.

Respectfully submitted,

/s/Benjamin Sirota
Steven G. Kobre (phv207282)
Jonathan D. Cogan (phv02197)
Benjamin Sirota (phv207285)
David A. Slossberg (ct13116)                    Tapan R. Oza (phv207284)
Kristen L. Zaehringer (ct27044)                 KOBRE & KIM LLP
HURWITZ, SAGARIN, SLOSSBERG & KNUFF LLC          800 Third Avenue
147 North Broad Street                          New York, New York 10022
Milford, CT 06460                               Tel:    +1 212 488 1200
Juris No. 026616                                Fax:    +1 212 488 1220
Tel:    (203) 877-8000                          Email: benjamin.sirota@kobrekim.com
Fax:    (203) 878-9800                                  steven.kobre@kobrekim.com
Email: DSlossberg@hssklaw.com                           jonathan.cogan@kobrekim.com
       KZaehringer@hssklaw.com                          tapan.oza@kobrekim.com

                                                *Attorneys for Respondent Jim DeNaut*